IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CHARLES JONES, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:07-CV-165 (WLS)
:
R. JAMES NICHOLSON, *Secretary of* :
*Veterans Affairs*, :
:
    Defendant. :
_____ :

**ORDER**

    Before the Court is Defendant's Motion to Dismiss. (Doc. 15). The Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**, and the above-captioned matter is **ORDERED DISMISSED** for lack of subject matter jurisdiction. All other pending motions are **DENIED as moot**.

**BACKGROUND AND FACTUAL SUMMARY**

    The following Background and Factual Summary is derived from the Complaint (Doc. 2), which Plaintiff filed *pro se* on August 28, 2007, and the several Exhibits attached thereto (Docs. 2-2, 2-3, 2-4), as well as a decision of the United States Court of Appeals for Veterans Claims attached to Plaintiff's September 22, 2008 Response to Defendant's Motion to Dismiss (Doc. 26 at 6-8). In light of the *pro se* leniency standard, *see, e.g.*, GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"), and the Rule 12(b)(1) standard described below, the Court finds that it is proper to consider these documents

1

in ruling on the instant Motion to Dismiss, particularly where, as here, the Complaint as written by Plaintiff *pro se* is difficult to understand without the additional context supplied by the documents.

Plaintiff is a veteran of the United States Army, who served from August 29, 1978 to October 22, 1985. (Doc. 2-2 at 1). Since his discharge from the military, Plaintiff has submitted multiple claims to the Department of Veterans Affairs (the "VA") for entitlement to service connection[1] for post-traumatic stress disorder ("PTSD"). Plaintiff was granted service connection for PTSD in a VA Rating Decision issued January 19, 2001, which instituted an effective date of October 30, 1996, because such was the date that Plaintiff's claim for PTSD was considered received. (Doc. 2-3 at 6; Doc. 2-4 at 9).

Plaintiff then made a claim for an earlier effective date relating to his PTSD. (Doc. 2-4 at 9). The claim for an earlier PTSD effective date has taken several turns on appeal in the past decade. On June 14, 2002, the Board of Veterans' Appeals (the "BVA" or "Board") denied the claim. (Doc. 2-3 at 1). On November 13, 2003, the United States Court of Appeals for Veterans Claims issued an Order vacating and remanding the PTSD claim to the BVA. (Doc. 2-3 at 2). On February 27, 2004, the BVA remanded the PTSD claim to the Department of Veterans Affairs Atlanta Regional Office (the "RO"). On March 9, 2004, the VA's Appeals Management Center (the "AMC"), based in Washington, D.C., sent a letter to Plaintiff informing him that the AMC would be developing additional evidence concerning his claim for an earlier PTSD effective date. (Doc. 2-3 at 12). On August 12, 2004, the AMC issued a Supplemental Statement of the Case that contained a decision to deny Plaintiff's claim for an entitlement to an

---

[1] According to the Code of Federal Regulations ("C.F.R."), a "[s]ervice connection connotes many factors but basically … means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein." 38 C.F.R. § 3.303(a).

effective date prior to October 20, 1996, for service connected PTSD. (Doc. 2-4 at 8). On December 5, 2005, the BVA issued a decision denying Plaintiff's claim for an effective date earlier than October 20, 1996, for his service-connected PTSD. (Doc. 26 at 6). In a Memorandum Decision of October 22, 2007, the United States Court of Appeals for Veterans Claims set aside the BVA's decision and remanded Plaintiff's claim for an earlier PTSD effective date. (Doc. 26 at 8). The United States Court of Appeals for Veterans Claims also dismissed for lack of jurisdiction a claim raised by Plaintiff for the first time on appeal, that he was entitled to a 100% disability rating for his service-connected PTSD. (Doc. 26 at 6, 8).

Meanwhile, in an event that appears to have been the catalyst for Plaintiff's instant Complaint, Plaintiff submitted a new claim to the RO on February 8, 2007, requesting, among other things, a re-evaluation of his PTSD rating. (Doc. 2-2 at 1). In a Rating Decision dated July 9, 2007, the RO decided, among other things, to categorize Plaintiff's PTSD as "30% disabling from October 30, 1996 to February 7, 2007," but "decreased to 0 percent disabling effective February 8, 2007." (Doc. 2-2 at 2). The RO explained the reasoning for decreasing Plaintiff's PTSD percentage over the course of four (4) pages in the Rating Decision. (Doc. 2-2 at 6 to 9). Included with the RO's Rating Decision was a form from the Department of Veterans Affairs entitled "Your Rights to Appeal Our Decision." (Doc. 2-2 at 13). The form provided instructions on appealing to the Board of Veterans' Appeals. (*Id.*).

Plaintiff's somewhat incoherent, handwritten Complaint (Doc. 2) was filed on August 28, 2007, shortly following the RO's aforementioned Rating Decision of July 9, 2007 (Doc. 2-2 at 2). What can be made out from the Complaint is that Plaintiff alleges that the Secretary of Veterans Affairs and the RO committed "fraudulent use of federal documents" and did so with "malice intent" in decreasing his PTSD from 30 percent disabling to 0 percent disabling,

effective February 8, 2007. (Doc. 2 at 1-2, 6). Plaintiff requests that this Court order the VA to restore his 30 percent disabling rating for his PTSD, award damages of $60 million for mental anguish, and award punitive damages in an unspecified amount. (Doc. 2 at 7).

Defendant filed the instant Motion to Dismiss on July 10, 2008 (Doc. 14), and an Answer on July 11, 2008 (Doc. 15). Following the Court's July 22, 2008 issuance of notice to the *pro se* Plaintiff that a dispositive motion had been filed against him (Doc. 19), Plaintiff filed a Response on September 22, 2008 (Doc. 26). Defendant has not entered a Reply. (*See generally* Docket). On December 13, 2010, Plaintiff filed a supplemental brief opposing Defendant's Motion to Dismiss. (Doc. 35). Pursuant to Defendant's separate Motion (Doc. 27), the Court by Order of December 30, 2008 stayed discovery pending resolution of the Motion to Dismiss. (Doc. 30).

## DISCUSSION

### I. Rule 12(b)(1) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) permits a party to assert by motion the defense of lack of subject-matter jurisdiction, and Rule 12(h)(3) requires the Court to dismiss an action if the Court finds that subject-matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1) & 12(h)(3). This Court is mindful that "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997) (citing Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir. 1986)).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes

4

of the motion.'" McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting Lawrence v. Dunbar, 919 F.3d 1525, 1529 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Id. In McElmurray v. Consolidated Government of Augusta-Richmond County, the Eleventh Circuit stated that a district court treated a motion to dismiss as a facial, rather than factual, attack because it "considered only the complaint and the attached exhibits." 501 F.3d 1244, 1251 (11th Cir. 2007). When considering facial challenges to subject matter jurisdiction, "the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009) (citing Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003)); see Carmichael v. Kellogg, Brown & Root Servs., Inc., 564 F. Supp. 2d 1363, 1365 (N.D. Ga. 2008) (holding that "[i]n considering a facial challenge, which simply alleges that the plaintiff failed to sufficiently allege a basis for subject matter jurisdiction, a court must accept the allegations in the complaint as true," which is likened to the safeguards afforded a plaintiff when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised).

The Court will conduct its analysis under the auspices of a facial attack on subject-matter jurisdiction.

## II. Leniency Afforded *Pro Se* Filings

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). This policy not only provides *pro se* laypersons certain benefits while

navigating the often-difficult legal labyrinth, but also provides Federal courts the ability to relax certain procedural rules when dealing with *pro se* parties, all in the interests of justice.

Here, upon reviewing Plaintiff *pro se*'s Complaint (Doc. 2), Response (Doc. 26), and supplemental brief (Doc. 35), the Court finds that the procedural rules regarding a Rule 12(b)(1) facial attack must be slightly relaxed. Although the facial-attack rule requires this Court to look only at the four corners of Plaintiff *pro se*'s Complaint, the Court finds that Plaintiff *pro se*'s Response and supplemental brief assert relevant facts that *should have been* included in the Complaint, and that *would have been* included had Plaintiff *pro se* proceeded in this action with the assistance of counsel. Therefore, pursuant to the *pro se* leniency standard, the Court will construe Plaintiff *pro se*'s Response and supplemental brief as supplements to Plaintiff *pro se*'s Complaint. Under this view, the Court in evaluating Defendant's facial attack may consider facts raised in the Response and supplemental brief, even though these briefs are not *technically* within the four corners of the Complaint.

## III. Court's Analysis

Defendant's Memorandum in Support of Motion to Dismiss (Doc. 14-2) poses multiple grounds for dismissal of the Complaint, based on either this Court's lack of subject matter jurisdiction or Plaintiff's failure to state a claim upon which relief may be granted. (Doc. 14-2 at 1 to 17). Because the Court finds that just one of the many stated grounds is sufficient for disposition of the case – that the Court lacks jurisdiction under 38 U.S.C. § 511(a) (Doc. 14-2 at 5 to 13) – the Court will not engage the additional arguments presented by learned counsel for Defendant.

Plaintiff's claim is not complex: he alleges that the RO used federal documents in a fraudulent and malicious manner to allegedly wrongly reduce his PTSD benefit to zero percent.

The Court will liberally construe the *pro se* claim as alleging that the RO unconstitutionally reduced Plaintiff's PTSD benefit. For the following reasons, this Court finds that it lacks subject matter jurisdiction over the claim and must dismiss the Complaint.

In 1988, Congress enacted the Veterans' Judicial Review Act (the "VJRA"), Pub. L. No. 100-687, 102 Stat. 4105. Hall v. U.S. Dep't Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996). The VJRA stipulates that determinations of the Secretary of Veterans Affairs may be appealed to the Board of Veterans' Appeals, whose ruling becomes the final decision of the Secretary. *Id.* (citing 38 U.S.C. § 7104(a)). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA. *Id.* (citing 38 U.S.C. §§ 7251, 7252(a), 7266(a)). Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit. *Id.* (citing 38 U.S.C. § 7292(a), (c), and Zuspann v. Brown, 60 F.3d 1156, 1158-59 (5th Cir. 1995)). The judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. *Id.* (citing 38 U.S.C. § 7292(c)). Thus:

> under the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court.

Hall v. U.S. Dep't Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996). In other words, the VJRA "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits," and "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000). When a veteran's "underlying … claim is an allegation that the VA unjustifiably denied him a veterans' benefit," the D.C. Circuit instructs that "[t]he district court lack[s] jurisdiction." *Id.*

The Eleventh Circuit holds that "the exclusive avenue for redress of veterans' benefits determinations is an appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." Slater v. United States, 175 Fed. App'x 300, 305 n.2 (11th Cir. 2006) (citing Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000)). Accordingly, the Eleventh Circuit – and by extension, this Court – has "no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary [of Veterans Affairs] to veterans." *Id.* (citing 38 U.S.C. § 511(a) and Anderson v. Veterans Administration, 559 F.2d 935, 936-37 (5th Cir. 1977)). Additionally, "[t]he courts have consistently held that a federal district court may not entertain constitutional … claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000) (cataloguing cases). The Court finds that resolution of Plaintiff's liberally construed constitutional claim would require this Court to evaluate Plaintiff's claim for a PTSD benefit and the VA's procedures, which this Court is not allowed to do. *See* Thompson v. Veterans Administration, 20 Fed. App'x 367, 369 (6th Cir. 2001) ("Thirty-eight U.S.C. § 511(a) precludes district courts from reviewing decisions on veterans' benefits, including constitutional challenges to the department's procedures; such challenges must be filed in the Court of Veterans Appeals and from there are reviewable by the Federal Circuit Court.").

It is clear that, under the VJRA, this Court lacks subject matter jurisdiction over the veterans benefits claims raised in Plaintiff's Complaint. Plaintiff should have appealed the RO's Rating Decision of July 9, 2007 to the Board of Veterans' Appeals, as stated in the form attached to the Rating Decision. (*See* Doc. 2-2 at 13). Because this Court has no subject matter jurisdiction over Plaintiff's claims, this Court must dismiss the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**, and the above-captioned matter is **ORDERED DISMISSED** for lack of subject matter jurisdiction. All other pending motions are **DENIED as moot**.

**SO ORDERED**, this   1st   day of June, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**